**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MARC GOODMAN,

        Plaintiff/Counter-Defendant,

v.

PRAXAIR, INC., and PRAXAIR SERVICES, INC.,

        Defendants/Counterclaimants.

Civil Action No. MJG-04-391

**OPPOSITION TO MOTION TO STRIKE  DEFENDANT'S**
**STATEMENT OF MATERIAL FACTS OR IN THE ALTERNATIVE,**
**MOTION FOR LEAVE TO FILE A RESPONSE STATEMENT OF FACTS**

**I.**    **INTRODUCTION**

Statements of Material Facts are not usually challenged by a Motion to Strike.  Rather, the opposing party files its own Statement of Material Facts, disputing the facts the movant presented, conceding others and presenting its own material facts.  Here, instead of filing his own Statement of Material Facts, Plaintiff, Marc Goodman ("Goodman") has chosen to burden the Court with yet another motion, this time a motion to strike.  Like the virtually countless other motions Goodman has previously filed in this case, this motion could have been resolved without court intervention, as Praxair Services, Inc. ("Praxair Services") does not object to Goodman filing his own Statement of Material Facts.[1]

---

[1]    Goodman even asserts that his own motion is unnecessary and can be deferred because the facts are "made irrelevant by Goodman's motion for partial summary judgment, which trumps the arguments advanced by Praxair Services."  Mot. at 2.  Thus, Goodman concedes that his motion is frivolous and that he has already disputed the Praxair Services Statement of Material Facts in his own motion for partial summary judgment.

II.      **ARGUMENT**

      A.      **The Statement of Material Facts Is Not An Effort to Expand the Summary Judgment Memorandum.**

As an initial matter, there was absolutely no nefarious purpose intended by Praxair Services' filing of its Statement of Material Facts. Rather, Praxair Services, in an effort to aid the Court in assessing the appropriateness of the entry of summary judgment here, provided the Court with a list of undisputed material facts, each of which is fully supported by record evidence. Contrary to Plaintiff's bald assertion, Praxair Services' Statement of Material Facts was not intended to be an extension of its memorandum in support of summary judgment, nor was it an attempt to skirt the page limit for summary judgment briefs in this Court.

Statements of Material Facts are routinely filed in conjunction with Motions for Summary Judgment and are ordinarily considered separate and apart from the memorandum in support of the motion for summary judgment. Indeed, as noted by this Court, "many" other courts explicitly require such statements. Bryan v. Lucent Techs., Inc., 307 F. Supp. 2d 726, 729 (D. Md. 2004) (citing Local Rule 56.1 (D. Mass.); Local Rule 56.1(c) (S.D.N.Y.); Local Rule 56.1 (N.D. Ill.); Local Rule 12.1(a)(2) (D.R.I.) (now Local Rule 56(a)). Statements of Material Facts are considered helpful to the Court because they "facilitat[e] the court's ability to smoke out both the existence or nonexistence of genuine issues of fact and their materiality." Servin v. GATIX Logistics, Inc., 187 F.R.D. 561, 562 (N.D. Ill. 1999). Indeed, this Court routinely accepts Statement of Material Facts and Responses to Statements of Material Fact even though there is no local rule explicitly addressing it. See Moffett et al v. Computer Sciences Corp., Case No. 05-cv-01547 (PJM) (dckts. 311 - 318 and 344-350); Jordan v. Radiology Imaging Assoc. et al., Case No. 06-cv-3410 (RWT) (dckts. 23 and 27); Feldman et al v. Pro Football, Inc. et al., Case No. 06-cv-2266 (AW) (dckts. 34 and 35).

Plaintiff's contention that Praxair Services' Statement of Material Facts was an improper extension of its memorandum in support of summary judgment is unfounded.  First, each the facts in the Statement of Material Facts is also contained in Praxair Services' memorandum.  Thus, there is nothing additional in the Statement of Material Facts that could allow it to be construed as an extension of the memorandum.  Praxair Services was not using its Statement of Material Facts as an additional bite at the summary judgment apple.  Rather, Praxair Services simply stripped the facts from the legal argument to assist the Court in identifying the material facts that are undisputed here.  Moreover, each of the facts in the Statement of Materials Facts are fully supported by the record, as indicated by the citations included therein.   Moreover, the Praxair Services' memorandum was well below the 50-page limit, demonstrating that Praxair Services had no need or motive to attempt an end run around the Court's page limit.

## B.    The Facts in the Statement of Material Facts Should Not Be Disregarded.

In an attempt to bolster his argument that some impropriety occurred here, Plaintiff argues that the facts presented in Praxair Services' Statement of Material Facts are not "facts," but are conclusory statements by Praxair Services' counsel.  Mot. at 2.  He claims that the "facts" should be disregarded because they are only supported by self-serving conclusory statements of Shannan Marty ("Marty"), Tracer's CEO and therefore are not "neutral evidence."  Id. at 3.  In addition, Goodman asserts the remarkable position that facts derived from Marty's deposition testimony should be disregarded as self-serving, yet the Court should consider Goodman's own self-serving, unsupported declaration instead.  Mot. at 2.  For instance, Goodman even attempts to dispute Marty's testimony that she concluded that Goodman was "floundering" and did not know how to proceed.  See SOF ¶ 106; Mot. at 4.  Clearly, Marty's own sworn testimony that

she *concluded* that Goodman was floundering is not susceptible to dispute simply because Goodman disagrees that he was floundering.

Goodman misses the point of the Statement of Material Facts.  The Statement of Material Facts reflects and cites to all of the material evidence obtained during factual discovery, including documents, deposition testimony, interrogatory answers and responses to requests for admission.  To the extent Goodman believes any of these factual statements is in dispute, he has a right to point to whatever record evidence he contends supports such dispute.

It is difficult to imagine how Goodman expects any facts to be developed at all, if the sworn testimony of the percipient witnesses to this dispute are to be discounted.  It is undisputed that Marty was the individual at Tracer who was primarily responsible for working with Goodman on the project at issue.  She is the primary person who has knowledge of the facts relevant to this dispute.  As Goodman readily admits, "there was no one at PSI who could speak for PSI on the facts material to the case since Marty was the person having knowledge of them." Mot. at 3.  Simply put, Marty is a key witness to the material facts of this case.

As a result of Marty's relevance to this dispute, Marty appeared for a seven hour deposition under oath, taken by Plaintiff Goodman himself.  Goodman had every opportunity to examine Marty and her memory of the facts related to the dispute.  In addition, Goodman had the ability to question her veracity and credibility.  Marty testified to her version of events, based on her personal knowledge.  Her sworn testimony is part of the factual record of this case. Moreover, if Marty's deposition was disregarded as self-serving, then Goodman's deposition would need to be treated the same.

Goodman incredibly claims that Marty's testimony is contradicted by other evidence and therefore Marty must have perjured herself.  For instance, Goodman argues that Marty must have

perjured herself because Marty's recollection (as a third party witness) of the number of leak

tracers in 1998 is different from an interrogatory answer provided by a Praxair Services

representative.  However, that Praxair Services stated in interrogatory responses that additional

tracers were "available for use" during a certain time does not impact the veracity of Marty's

recollection.  Marty's sworn testimony related to the number of tracers Tracer was *actually*

"working with" at the time of the parties contract.  SOF ¶ 31; PSI Mot. at 12.  This is a different

issue than the number of tracers that were technically "*available* for use."

If Goodman believes that Marty's recollection of events from ten years ago contradicts

other facts in the record, he is entitled to argue that such facts are in dispute.  Goodman can

address these alleged contradictions in his own memorandum (which he argues he has done) or

in his statement of facts.  The existence of a factual dispute is not evidence of perjury.[2]

## III.   <u>CONCLUSION</u>[3]

For the foregoing reasons, Praxair Services requests that Goodman's motion to strike be

denied and the Court permit Goodman to file his own Statement of Material Facts.  In the

alternative, Praxair Services requests that Goodman's Motion for Leave to File a Statement of

---

[2]     In any event, Marty (accurately) testified that when the contract was executed, she
believed it applied to six leak tracers.

[3]     Goodman also makes several personal attacks on "Counsel Shoudt."  In particular,
Goodman insinuates that Counsel Shoudt induced her client to commit perjury, engaged in a
fraud upon the court, "feels free" to disregard evidence and engaged in some sort of improper
conduct by designating Marty and Thompson as third party witnesses.  Goodman has made
similar accusations in prior filings with the Court (<u>see</u> dckt. 72), which Counsel Shoudt has
disregarded without comment.  However, Counsel Shoudt feels it necessary to bring Goodman's
name-calling to the Court's attention at this point, as it is wholly unprofessional, unfounded and
in bad taste.  Importantly, Goodman's allegations are patently false.  Counsel to Praxair Services
has done nothing more than advocate on behalf of her client, vigorously defend Praxair Services
against Goodman's often frivolous motions and present Praxair Services' positions in light of the
factual and legal authority relevant to this dispute.  Goodman's personal attacks and allegations
of abuses are unwarranted and highly inappropriate.

Material Facts be denied, as he failed to timely file a Statement of Material Facts by the deadline for filing his motion for partial summary judgment.

Dated:  October 17, 2008

Respectfully submitted,

/s/ Amy L. Bess
Amy L. Bess (Bar No. 14687)
Erin M. Shoudt (*pro hac vice*)
Sonnenschein Nath & Rosenthal LLP
1301 K Street, N. W.
Suite 600, East Tower
Washington, D.C.  20005
Tel:  202-408-9217

*Attorneys for Defendant Praxair Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Opposition to Motion to Strike or in the Alternative for

Leave to File His Own Statement of Material Facts was served on October 17, 2008, by first

class mail upon the following:

Mr. Marc Goodman
P.O. Box 727
North Beach, MD 20714


_/s/ Erin M. Shoudt_
Erin M. Shoudt