# Sonnenschein

SONNENSCHEIN NATH & ROSENTHAL LLP

Erin M. Shoudt
202.408.7008
eshoudt@sonnenschein.com

1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005-3364
202.408.6400
202.408.6399 fax
www.sonnenschein.com

December 4, 2009

VIA FEDERAL EXPRESS

The Honorable Marvin J. Garbis
U.S. District Court for the District of
    Maryland
United States Courthouse
101 West Lombard Street
Baltimore, MD 21201-2605

      Re:    <u>Goodman v. Praxair Services, Inc. (Case No. 04-391)</u>

Your Honor:

      Pursuant to the Court's November 23, 2009 Letter Order, Defendant Praxair Services, Inc. ("Praxair Services") submits the following brief letter regarding its position on whether the statute of limitations bars Praxair Services from recovering the $20,000 previously advanced to Plaintiff, Marc Goodman, as an advance against a potential success fee.

      Following the trial, the jury returned a verdict in which it concluded that Mr. Goodman had not proven by a preponderance of the evidence that he and Tracer Research Corporation ("Tracer") agreed to modify the April 14, 1998 contract so that he would be paid a success fee even if someone else personally negotiated the exemptions Tracer sought from the EPA. In addition, the jury concluded that Tracer was justified in preventing Mr. Goodman from personally negotiating for the exemptions with the EPA. Since it was undisputed that Mr. Goodman did not personally negotiate the exemptions and the jury found there to be no modification of the contract, the jury concluded that Mr. Goodman was not entitled to the success fee provided in the contract.

      The evidence at trial also established that in November 1999, Tracer advanced Mr. Goodman $20,000 against the potential success fee. However, because the jury concluded that Mr. Goodman was not entitled to the success fee provided by the contract, Mr. Goodman never earned the $20,000 advance. As the Court noted, "the bottom line is that Plaintiff was paid $20,000 more than he was entitled to receive under the Contract."

      In his pretrial submissions, Mr. Goodman claimed that any net recovery should be considered a counterclaim that is barred by the statute of limitations. There is no basis for Mr.

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

The Honorable Marvin J. Garbis
December 4, 2009
Page 2

Goodman's assertion. Rather, the $20,000 should be considered a recoupment, to which no statute of limitations applies.

Recoupment is "the setting off against asserted liability of a counterclaim arising out of the same transaction." *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 309 (D. Md. 1995). "Recoupment properly applies in cases where equity demands that a defendant be given a credit that would be due him but for a limitations bar when the plaintiff seeks to recover on a related debt." *Riggs National Bank of Wash. v. Webster*, 832 F. Supp. 147, n.5 (D. Md. 1993). Here, the $20,000 overpayment should be considered a recoupment because it arises out of Mr. Goodman's breach of contract claim. Mr. Goodman's breach of contract claim was based on his contract with Tracer that provided that he could earn a success fee if he successfully negotiated the exemptions with the EPA. Praxair Services' claim to the $20,000 arises from the same success fee payment under the same contract. In *Buckley*, the court allowed a counterclaim for recoupment in which the Defendant sought return of royalties erroneously paid to the Plaintiff. *Buckley*, 908 F. Supp. at 309. Similarly, here, Praxair Services seeks the $20,000 advance that, based on the jury verdict, it erroneously paid to Mr. Goodman. Thus, Praxair Services' entitlement to the $20,000 should be considered a recoupment.

A recoupment claim is not barred by the statute of limitations. *Buckley*, 908 F. Supp. at 309 ("recoupment claims are generally not barred by a statute of limitations so long as the main action is timely."). Here, the United States Court of Appeals for the Fourth Circuit previously held that Mr. Goodman's breach of contract action was timely filed. *See Goodman v. Praxair Services, Inc.*, 494 F.3d 458 (4th Cir. 2007). Accordingly, Praxair Services' recoupment claim would not be time-barred.[1]

---

[1] Even if Praxair Services' $20,000 claim was considered part of its counterclaim or a counterclaim based on the evidence presented at trial, it would not be barred by the statute of limitations. Since the $20,000 claim arose from the same transaction and occurrence as Mr. Goodman's breach of contract claim, it is a compulsory counterclaim for which the statute of limitations would have been tolled. Fed. R. Civ. P. 13(a); *see also Burlington Industries v. Milliken & Co.*, 690 F.2d 380 (4th Cir. 1982) ("the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim"). Plaintiff's suit was filed in February 2004 and the deadline for filing any counterclaim for the $20,000 was tolled at that time. Because of Mr. Goodman's early appeal of this Court's dismissal and the Fourth Circuit's remand, Praxair Services did not have an opportunity to file its counterclaims until December 2007. Accordingly, a counterclaim for the $20,000 was not time-barred, and was, in fact, litigated throughout the course of this action as part and parcel of Mr. Goodman's breach of contract claims.

**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

The Honorable Marvin J. Garbis
December 4, 2009
Page 3

  Nor does the fact that Praxair Services did not allege recoupment in its Answer and Counterclaims effect the viability of its recoupment claim. Rule 15(b)(2) of the Federal Rules of Civil Procedure permits the Court to conform the pleadings to the evidence established at trial. In addition, Rule 54(c) provides that "every other judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Rule 54(c) controls where "allegations properly pled and proven support a theory and type of relief not specified in [the] demand for judgment." *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 901 (4th Cir. 1996). Here, the facts regarding Mr. Goodman's entitlement to the success fee and therefore the $20,000 advance were pled, thoroughly covered in discovery, and proven at trial. The parties were fully heard on this issue. It would simply be illogical and inequitable to allow Mr. Goodman to retain a $20,000 success fee to which the jury found he was not entitled.

  Moreover, Mr. Goodman cannot claim any unfair prejudice from the award of $20,000 to Praxair Services. *Minyard Enters., Inc. v. Se. Chem. & Solvent Co.*, 184 F.3d 373, 386 (4th Cir. 1999) (establishing unfair prejudice requirement). Mr. Goodman brought a lawsuit for recovery of his success fee and was fully aware that the prior $20,000 payment was an advance on that success fee. Thus, when Mr. Goodman put his entitlement to a success fee in issue, he knew or should have known that his right to retain the $20,000 was also at stake.

  For the foregoing reasons, Praxair Services seeks judgment to be entered in its favor in the amount of $20,000.

            Sincerely,

            *[signature]*

            Erin M. Shoudt