IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARC B. GOODMAN,

Plaintiff,

vs.                                           Case No.: MJG-04-391

PRAXAIR SERVICES, INC.

Defendant

**PLAINTIFF'S CORRECTED THIRD RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR RETRIAL, INCLUDING RETRIAL PURSUANT TO THE "PLAIN ERROR" STANDARD OF RULE 51(d)**

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, plaintiff Marc Goodman hereby renews his motion for judgment as a matter of law that Praxair is liable to Goodman for breach of contract, for the reasons identified below. In addition to properly raising the issues addressed in this motion at trial, Goodman had previously raised many of them in previous motions and briefs including his Memorandum in Support of Motion for Partial Summary Judgment, Reply in Support of Motion for Summary Judgment, Motion in *Limine*/to Preclude Praxair's Affirmative Defenses. Goodman believes this Motion effectively preserves those prior motions and believes that those documents could be useful to the Court regarding the instant motion. On some issues, additional authorities are cited in those briefs. This motion and the accompanying memorandum, however, should be fully sufficient to show that Goodman is entitled to judgment as a matter of law or, alternatively to a new trial, though it is unclear on what issues a new trial would be held, since the key facts have already been found by the Court and/or admitted by the parties.

regarding Praxair's liability, most of which were not decided by the jury, and hereby joins a motion for retrial to this motion for JMOL. The verdicts requested of the jury at trial and accompanying instructions do not reach the legal standards determining Praxair's liability. Goodman had submitted proposed instructions that did accurately identify the proper legal standards (Document # 225) and objected to the failure to include his proposed instructions to the jury, as can be shown in the forthcoming memorandum, if required. He also specifically and properly objected to a number of the key errors of the questions/instructions used, as is also shown in the Memorandum.

***Even if Goodman had not moved for JMOL at trial or objected to the jury instructions as given or to the absence of the jury instructions he proposed, the questions and instructions used fall under the "plain error" provisions of Rule 51(d)(2), as shown in the grounds identified below (or at least almost all of them), thus dictating a new trial even without such actions.***

The grounds for granting Goodman judgment as a matter of law or, alternatively, a new trial are laid out in the accompanying Memorandum in Support ..., which lays out numerous grounds for setting aside the judgment. Most of these grounds are sufficient individually to entitle Goodman to a new trial. While some may suffice individually as ground for JMOL, various of the grounds in combination with each other provide the strongest bases for JMOL. For that reason, some of the subsections refer to and summarize other grounds to show the interrelationships between them as grounds for JMOL, creating some repetition.

WHEREFORE, Plaintiff's 3rd Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial should be granted and the Court should order either judgment in favor of Goodman or a new trial.

Dated: May 26, 2010

...

Goodman properly moved for Judgment as a Matter of Law both at the close of Defendant's case-in-chief and at the close of all the evidence and the Court twice ruled that he has sufficiently preserved such Motion, as shown in the accompanying memorandum, and the Court w.[1] Moreover, he filed a Renewed Motion for Judgment as a Matter of Law within the required 10 days from discharge of the jury applicable to such motions "addressing a jury issue not decided by a verdict" (FRCP 50(b)) since most of Goodman's grounds for JMOL can be seen as based on legal standards not decided by the verdicts, as well as by incorrect jury questions/instructions. Goodman filed a 2nd Renewed Motion for Judgement as a Matter of Law or ..., on Jan. 13, 2010 along with a Motion for Extension of Time to File Memorandum in Support ... That Motion for Extension of Time was granted by the Court in its Order of January 13, 2010 (Doct. 253). Goodman then filed the Supporting Memorandum in Support on March 12, within the time granted by the Court (part of Doct. 270, in which the Clerk belated entered the pending 2nd Renewed Motion for Judgment ... into the Docket). The Court denied this 2nd Renewed Motion without prejudice, however, (Doct. 272) saying that the Motion (filed some two months previously) referred to an accompanying Motion for Extension of Time ... but there was no such accompanying Motion. Of course, there had been and that Motion for Extension of Time had already been granted. The Court granted an additional extension of time for filing a 3rd Motion, partly for this reason.

In the alternative, if the Court is unwilling to grant Goodman judgment as a matter of law, Goodman is clearly entitled to a new trial to address the facts needed to reach the legal standards

---

[1] There was some confusion as to the proper time for such motions due to the Court's departing from normal procedure by denying Goodman the opportunity to call the opposing parties as witnesses during his case-in-chief, despite his having designated them as witnesses. Despite this questionable procedure, resulting in the Defendant concluding its case-in-chief prior to Plaintiff Goodman doing so, Goodman moved for JMOL at both opportunities, thus including the proper times by any interpretation.

2

Respectfully submitted,

*Marc B. Goodman*

Marc Goodman
P.O. Box 727
North Beach, Md. 20714
(301) 855-7655
marcbgoodman@msn.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Corrected 3rd Renewed Motion for Judgment as a Matter of Law was mailed, postage prepaid, to Amy Bess, Vedder Price P.C., 875 15th St. NW, Ste. 725, Washington, D.C. 20005, this 26th day of May, 2010.

*Marc B. Goodman*
Marc B. Goodman

4